# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**KENNETH CARL GUY,**
Appellant,

v.

**PLAZA HOME MORTGAGE, INC.,**
Appellee.

No. 4D17-3335

[April 25, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. CACE16-022826.

Kenneth Carl Guy, Fort Lauderdale, pro se.

Laura H. Howard of The Solomon Law Group, P.A., Tampa, for appellee.

## ON MOTION TO CORRECT THE RECORD

PER CURIAM.

In this appeal from a foreclosure judgment, the pro se appellant moves to correct the record, asserting that the final judgment of foreclosure's electronic date and time stamp precedes the actual time of entry of the judgment. While we deny relief, we write to disapprove of a practice in the Broward County Clerk's office.

The record in this case contains a summary final judgment. The summary judgment hearing was held on September 27, 2017, at 1:30 p.m., but the judgment's electronic stamp indicates that it was filed with the Broward County Clerk on September 27, 2017, at 8:35 a.m., nearly five hours earlier.

Appellee and the Broward County Clerk both filed responses to appellant's motion. The Clerk's response states that the time stamp reflects the time of day that the Clerk scanned the document for processing to the electronic case management system. The Clerk does not explain

why the scanning would precede the entry of the judgment.

Appellee's response indicates that counsel for appellee spoke to personnel in the Broward County Clerk's Foreclosure Department, who explained that the Clerk's office usually does not receive dispositions on the date of their entry. Accordingly, when the Clerk's office receives the disposition, it changes the date of filing to coincide with the date of entry of the final judgment. In other words, the date is backdated, but the time reflects the actual time of scanning, resulting in an electronic stamp that appears to precede the actual entry of the judgment.

We write to express our disapproval of the practice of the backdating of judgments for docketing purposes. It can cause, at best, confusion, and at worst, a loss of appellate rights. Rendition of an order occurs "when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(i). Thus, the date that the clerk's office receives an order or judgment is the date of rendition.

The time for appeal runs from the date of rendition, not the date the judgment is signed. *See* Fla. R. App. P. 9.110(b). By backdating the electronic filing stamp, the clerk changes the rendition date, possibly to the prejudice of an appellant.

In this case, appellant's appellate rights were not affected, and so his January 9, 2018, motion to correct the record is denied as to issues I and IV regarding the backdating of court orders. We nevertheless disapprove of this practice as it is inconsistent with the appellate rules.

WARNER, GROSS and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***