# Supreme Court of Florida

_____

No. SC20-216
_____

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE—2020 REGULAR-CYCLE REPORT.

October 29, 2020

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to

the Florida Rules of Appellate Procedure. We have jurisdiction. *See* art. V, § 2(a),

Fla. Const.

## BACKGROUND

The Florida Bar's Appellate Court Rules Committee (Committee) has filed

its regular-cycle report proposing amendments to the Florida Rules of Appellate

Procedure. *See* Fla. R. Jud. Admin. 2.140(b).[1] The Committee proposes amending

existing rules 9.020 (Definitions), 9.030 (Jurisdiction of Courts), 9.040 (General

---

1. The Committee's report was filed prior to the effective date of the
amendments adopted in *In re Amendments to Florida Rule of Judicial
Administration 2.140*, 289 So. 3d 1264 (Fla. 2020), which "[did] away with the set
schedule for rules committee reports." *Id.* at 1264.

Provisions), 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Nonjury Cases), 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders), 9.140 (Appeal Proceedings in Criminal Cases), 9.145 (Appeal Proceedings in Juvenile Delinquency Cases), 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services), 9.170 (Appeal Proceedings in Probate and Guardianship Cases), 9.180 (Appeal Proceedings to Review Workers' Compensation Cases), 9.200 (The Record), 9.300 (Motions), 9.310 (Stay Pending Review), 9.320 (Oral Argument), 9.330 (Rehearing; Clarification; Certification; Written Opinion), 9.350 (Dismissal of Causes), 9.360 (Parties), 9.430 (Proceedings by Indigents), 9.440 (Attorneys), 9.800 (Uniform Citation System), and 9.900 (Forms). The Committee also proposes new rule 9.425 (Constitutional Challenge to State Statute or State Constitutional Provision).[2]

---

2. The Committee's report also included proposals to amend existing rules 9.100 (Original Proceedings), 9.125 (Review of Trial Court Orders and Judgments Certified by the District Courts of Appeal as Requiring Immediate Resolution by the Supreme Court of Florida), 9.141 (Review Proceedings in Collateral or Postconviction Criminal Cases), 9.142 (Procedures for Review in Death Penalty Cases), 9.225 (Notice of Supplemental Authority), 9.370 (Amicus Curiae), and to add new rule 9.045 (Form of Documents). However, because the amendments proposed by the Committee to those rules addressed the same issue as the amendments proposed in *In re Amendments to Florida Rules of Appellate Procedure 9.120 & 9.210*, No. SC20-597 (Fla. report filed Apr. 24, 2020), the

The Committee published its proposals for comment prior to filing them with the Court and received two comments. Upon consideration of the comments, the Committee did not alter its proposals. After the Committee filed its report, the Court republished the proposals for comment; no comments were received.

Having considered the Committee's report, we hereby adopt the amendments to the Florida Rules of Appellate Procedure as proposed by the Committee, except for the proposed amendments to rules 9.800 (Uniform Citation System) and 9.900(j) (Forms; Notice of Supplemental Authority), which we decline to adopt. We explain our reasons below, as well as discuss some of the significant rule amendments.

**AMENDMENTS**

First, rule 9.040 (General Provisions) is amended to include new subdivision (j) (Public Availability of Written Opinions). The new subdivision requires every court to publish on its website written opinions not covered by Florida Rule of Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records).

Subdivision (d) (Notice of Appeal) of rule 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury

Court severed the proposals from this case and will consider them in case number SC20-597.

- 3 -

and Nonjury Cases) is amended to require that a notice of appeal indicate that a motion tolling rendition is pending in the lower tribunal. Subdivision (e) (Record) of the same rule is also amended to require the clerk to either transmit the record within sixty days of the filing of a notice of appeal or to file a notice specifying the reasons he or she is unable to timely transmit the record.

Subdivision (a)(4) (Applicability) of rule 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders) is amended to clarify that orders disposing of motions for rehearing are not reviewable separate and apart from a review of a final order.

New rule 9.425 (Constitutional Challenge to State Statute or State Constitutional Provision) is added. The new rule requires a party in cases where the constitutionality of a state statute or constitutional provision is challenged to provide notice of such to the attorney general. Criminal and collateral criminal proceedings are excluded from the rule's notice requirement.

Rule 9.440 (Attorneys) is amended to include new subdivision (b) (Limiting Appearance) and new subdivision (c) (Scope of Representation); existing subdivision (b) is relettered as subdivision (d). New subdivision (b) provides that an attorney of record for a party in an appeal or original proceeding shall be the attorney of record unless at the time of appearance, the attorney files a notice specifically limiting the attorney's appearance only to a particular matter or portion

of the proceeding in which the attorney appears. New subdivision (c) defines the role of a limited appearance attorney and the termination of such representation within a case.

Next, we decline to adopt the Committee's proposed amendments to rules 9.800 (Uniform Citation System) and 9.900(j) (Forms; Notice of Supplemental Authority). As to rule 9.800, we decline to adopt the Committee's proposal to amend multiple subdivisions in the rule to permit, without preference, citations to the slip opinion, Florida Law Weekly, Westlaw, or Lexis. This Court declined to adopt a similar proposal in *In re Amendments to Florida Rule of Appellate Procedure 9.800*, 257 So. 3d 91 (Fla. 2018). Though the Committee in this case has provided a fuller explanation of the reasoning behind its proposal, we are nevertheless concerned that permitting citations to only Westlaw or Lexis will make it more difficult for practitioners and court staff to locate cited material, as the citations for the two services are not entirely compatible with each other.

We also decline to adopt the Committee's proposal to amend rule 9.900(j) at this time. The amendments proposed by the Committee to rule 9.900(j) contain language that is dependent upon this Court's adoption of proposed amendments currently pending in *In re Amendments to Florida Rules of Appellate Procedure 9.120 & 9.210*, No. SC20-597. We will consider the Committee's proposal to amend rule 9.900(j) with the other proposals in case number SC20-597.

# CONCLUSION

We amend the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2021, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Hon. Stephanie Williams Ray, Chair, and Thomas D. Hall, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**RULE 9.020.     DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a)-(g)**     [NO CHANGE]

**(h)     Rendition ~~(of an Order)~~.** An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.

**(1)     Motions Tolling Rendition.** The following motions, if authorized and timely filed, toll rendition unless another applicable rule of procedure specifically provides to the contrary:

(A)     motion for new trial;

(B)     motion for rehearing;

(C)     motion for certification;

(D)     motion to alter or amend;

(E)     motion for judgment in accordance with prior motion for directed verdict;

(F)     motion for arrest of judgment;

(G)     motion to challenge the verdict;

(H)     motion to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1);

(I)     motion to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*); ~~or~~

(J)     to correct a disposition or commitment order pursuant to Florida Rule of Juvenile Procedure 8.135(b);

(K)     to claim ineffective assistance of counsel following an order terminating parental rights pursuant to Florida Rule of Juvenile Procedure 8.530(f); or

(L)　motion to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491.

**(2)　Effect of Motions Tolling Rendition.** If any ~~timely and~~ authorized ~~and timely~~ motion listed in subdivision (h)(1) of this rule has been filed in the lower tribunal directed to a final order, the following apply:

(A)　~~T~~the final order shall not be deemed rendered as to any existing party until all of the ~~filing with the clerk~~motions are either withdrawn by written notice filed in the lower tribunal or resolved by the rendition of a~~n signed, written~~ order disposing of the last of such motions~~.~~;

(B)　~~A signed, written~~if an order granting a new trial ~~shall be deemed~~is rendered, tolling concludes ~~when filed with the clerk~~, notwithstanding that other such motions may remain pending at the time~~.~~; or

(C)　~~I~~if a notice of appeal is filed before the ~~filing with the clerk~~rendition of a~~n signed, written~~ order disposing of all such motions, the appeal shall be held in abeyance until the ~~filing with the clerk~~motions are either withdrawn or resolved by the rendition of a~~n signed, written~~ order disposing of the last such motion.

**(i)　Rendition of an Appellate Order.** If any timely and authorized motion under rule~~s~~ 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the ~~filing~~rendition of a~~n written~~ order.

**(j)-(*l*)**　[NO CHANGE]

## Committee Notes

**1977 Amendment.** This rule supersedes former rule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise in which the context of the rule requires a different meaning for a defined term, but these should be rare.

The term "administrative action" is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, chapter 120, Florida Statutes (1975), but was intended to include all administrative

agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with article VIII, section 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.

The term "clerk" retains the substance of the term "clerk" defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal if no person is specifically and officially given that duty.

The term "court" retains the substance of the term "court" defined in the former rules, but has been modified to recognize the authority delegated to the chief justice of the supreme court and the chief judges of the district courts of appeal. This definition was not intended to broaden the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. If supreme court review of a district court of appeal decision is involved, the district court of appeal is the "lower tribunal."

The term "lower tribunal" includes courts and administrative agencies. It replaces the terms "commission," "board," and "lower court" defined in the former rules.

The term "order" has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries are excluded from the definition in recognition of the decision in *Employers' Fire Ins. Co. v. Continental Ins. Co.*, 326 So. 2d 177 (Fla. 1976). It was intended that this rule encourage the entry of written orders in every case.

The terms "appellant," "appellee," "petitioner," and "respondent" have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term "appellee" has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as section 924.03, Florida Statutes (1975). It should be noted that if a certiorari proceeding is specifically governed by a rule that only refers to "appellant" and "appellee," a "petitioner" and "respondent" should proceed as if they were "appellant" and "appellee," respectively. For example, certiorari proceedings in the supreme court involving the Public Service Commission and Industrial Relations Commission are specifically governed by

rule 9.110 even though that rule only refers to "appellant" and "appellee." The parties in such a certiorari proceeding remain designated as "petitioner" and "respondent," because as a matter of substantive law the party invoking the court's jurisdiction is seeking a writ of certiorari. The same is true of rule 9.200 governing the record in such certiorari proceedings.

The term "rendition" has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp. 1976), but to set a point from which certain procedural times could be measured. Motions that postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized, and one of those listed. However, if the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.

The definition of "legal holiday" has been eliminated but its substance has been retained in rule 9.420(e).

The term "bond" is defined in rule 9.310(c)(1).

Terms defined in the former rules and not defined here are intended to have their ordinary meanings in accordance with the context of these rules.

**1992 Amendment.** Subdivision (a) has been amended to reflect properly that deputy commissioners presently are designated as judges of compensation claims.

Subdivision (g) has been rewritten extensively. The first change in this rule was to ensure that an authorized motion for clarification (such as under rule 9.330) was included in those types of motions that delay rendition.

Subdivision (g) also has been revised in several respects to clarify some problems presented by the generality of the prior definition of "rendition." Although rendition is postponed in most types of cases by the filing of timely and authorized post-judgment motions, some rules of procedure explicitly provide to the contrary. The subdivision therefore has been qualified to provide that conflicting rules shall control over the general rule stated in the subdivision. See *In Re Interest of E. P.*, 544 So. 2d 1000 (Fla. 1989). The subdivision also has been revised to make explicit a qualification of long standing in the decisional law, that

- 10 -

rendition of non-final orders cannot be postponed by motions directed to them. Not all final orders are subject to postponement of rendition, however. Rendition of a final order can be postponed only by an "authorized" motion, and whether any of the listed motions is an "authorized" motion depends on the rules of procedure governing the proceeding in which the final order is entered. *See Francisco v. Victoria Marine Shipping, Inc.*, 486 So. 2d 1386 (Fla. 3d DCA 1986), *review denied* 494 So. 2d 1153.

Subdivision (g)(1) has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be postponed as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any of those claims. See, e.g., *Phillips v. Ostrer*, 442 So. 2d 1084 (Fla. 3d DCA 1983).

Ideally, all post-judgment motions should be disposed of at the same time. See *Winn-Dixie Stores, Inc. v. Robinson*, 472 So. 2d 722 (Fla. 1985). If that occurs, the final order is deemed rendered as to all claims when the order disposing of the motions is filed with the clerk. If all motions are not disposed of at the same time, the final order is deemed rendered as to all claims between a moving party and a party moved against when the written order disposing of the last remaining motion addressed to those claims is filed with the clerk, notwithstanding that other motions filed by co-parties may remain pending. If such motions remain, the date of rendition with respect to the claims between the parties involved in those motions shall be determined in the same way.

Subdivision (g)(2) has been added to govern the special circumstance that arises when rendition of a final order has been postponed initially by post-judgment motions, and a motion for new trial then is granted. If the new trial has been granted simply as an alternative to a new final order, the appeal will be from the new final order. However, if a new trial alone has been ordered, the appeal will be from the new trial order. See rule 9.110. According to the decisional law, rendition of such an order is not postponed by the pendency of any additional, previously filed post-judgment motions, nor can rendition of such an order be postponed by the filing of any further motion. See *Frazier v. Seaboard System*

*Railroad, Inc.*, 508 So. 2d 345 (Fla. 1987). To ensure that subdivision (g)(1) is not read as a modification of this special rule, subdivision (g)(2) has been added to make it clear that a separately appealable new trial order is deemed rendered when filed, notwithstanding that other post-judgment motions directed to the initial final order may remain pending at the time.

Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in *Williams v. State*, 324 So. 2d 74 (Fla. 1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See *In Re: Forfeiture of $104,591 in U.S. Currency*, 578 So. 2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered as to any other party whose post-judgment motions are pending when the notice of appeal is filed.

**1996 Amendment.** Subdivision (a) was amended to reflect the current state of the law. When the term "administrative action" is used in the Florida Rules of Appellate Procedure, it encompasses proceedings under the Administrative Procedure Act, quasi-judicial proceedings before local government agencies, boards, and commissions, and administrative action for which judicial review is provided by general law.

Addition of language in subdivision (i) is intended to toll the time for the filing of a notice of appeal until the resolution of a timely filed motion to vacate when an order has been entered based on the recommendation of a hearing officer in a family law matter. Under the prior rules, a motion to vacate was not an authorized motion to toll the time for the filing of an appeal, and too often the motion to vacate could not be heard within 30 days of the rendition of the order. This rule change permits the lower tribunal to complete its review prior to the time an appeal must be filed.

**2000 Amendment.** The text of subdivision (i) was moved into the main body of subdivision (h) to retain consistency in the definitional portions of the rule.

**<u>2020 Amendment.</u>** <u>For purposes of determining the date of rendition, it is important that electronically and paper-filed orders and judgments include accurate date stamps. Thus, absent extraordinary circumstances, documents should be date stamped for the day on which they are filed with the clerk. Backdating to the date on which the order or judgment was signed is not permitted.</u> <u>*See, e.g., Guy v. Plaza*</u>

*Home Mortg.*, *Inc.*, 260 So. 3d 280, 280–81 (Fla. 4th DCA 2018) ("[Backdating the date of rendition] can cause, at best, confusion, and at worst, a loss of appellate rights. . . . By backdating the electronic filing stamp, the clerk changes the rendition date, possibly to the prejudice of an appellant.").

## Court Commentary

[NO CHANGE]

## RULE 9.030.     JURISDICTION OF COURTS

**(a)-(c)**     [NO CHANGE]

[1.] 9.140: Appeal Proceedings in Criminal Cases.
[2.] 9.110: Appeal Proceedings: Final Orders.
[3.] 9.110(i): Validation of Bonds.
[4.] 9.110: Appeal Proceedings: Final Orders; 9.100: Original Proceedings.
[5.] 9.120: Discretionary Review of District Court Decisions.
[6.] 9.125: Discretionary Review of Trial Court Orders and Judgments Certified by the District Court.
[7.] 9.150: Certified Questions from Federal Courts.
[8.] 9.100: Original Proceedings.
[9.] 9.130: Appeal Proceedings: Non-Final Orders.
[10.] 9.160: Discretionary Review of County Court Decisions.

## Committee Notes

[NO CHANGE]

## RULE 9.040.     GENERAL PROVISIONS

**(a)-(i)**     [NO CHANGE]

**(j)     Public Availability of Written Opinions.** Except for written opinions determined to be confidential under Florida Rule of Judicial Administration 2.420, the court shall make publicly available on the court's website all written opinions entered on an appeal or petition. Each written opinion

made publicly available shall be text searchable and in a Portable Document Format ("PDF").

**Committee Notes**

**[NO CHANGE]**


**RULE 9.110.     APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NONJURY CASES**

**(a)-(c)     [NO CHANGE]**

**(d)     Notice of Appeal.** The notice of appeal shall be substantially in the form prescribed by rule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed. If a motion postponing rendition pursuant to rule 9.020(h) is pending when the notice of appeal is filed, the notice of appeal shall indicate the pendency of such a motion and the date it was filed. Within 10 days of either withdrawal of such a motion or rendition of the order being appealed, the appellant shall file in the court a notice indicating that the motion has been withdrawn or a conformed copy of the signed, written order disposing of the motion postponing rendition.

**(e)     Record.** Within 50 days of filing the notice, the clerk shall prepare the record prescribed by rule 9.200 and serve copies of the index on all parties. Within ~~110~~60 days of filing the notice, the clerk shall electronically transmit the record to the court or file a notice of inability to complete or transmit the record, specifying the reason. Any notice filed shall be served on all parties and, as necessary, on any court reporter.

**(f)-(m)     [NO CHANGE]**

**Committee Notes**

**1977 Amendment.** This rule replaces former rules 3.1, 3.5, 4.1, 4.3, 4.4, and 4.7. It applies when (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after the final order are reviewable under the procedure set forth in rule 9.130. This rule does not apply to review proceedings in such cases.

Except to the extent of conflict with rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the supreme court; (2) certiorari proceedings before the supreme court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp. 1976); (4) appeals as of right to a circuit court, including review of administrative action if provided by law.

This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede *Clement v. Aztec Sales, Inc.*, 297 So. 2d 1 (Fla. 1974), and are consistent with the decision there. Under subdivision (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The supreme court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible." *Bowen v. Willard*, 340 So. 2d 110, 112 (Fla. 1976). This rule implements that decision.

Subdivisions (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file 2 copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that if review of administrative action is sought, 1 copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30-day period, subject to sanctions imposed by the court. See *Williams v. State*, 324 So. 2d 74 (Fla. 1975); Fla. R. App. P. 9.040(h).

Subdivision (d) sets forth the contents of the notice and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form

approved by the supreme court. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of "rendition" in Florida Rule of Appellate Procedure 9.020, and see the judicial construction of "rendition" for an administrative rule in *Florida Admin. Comm'n v. Judges of the District Court*, 351 So. 2d 712 (Fla. 1977), on review of *Riley-Field Co. v. Askew*, 336 So. 2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to determine the timeliness of the notice from its face. The advisory committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.

This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed if supreme court review was appropriate, and the practice under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp. 1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See *Yamaha Int'l Corp. v. Ehrman*, 318 So. 2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in section 120.68(2), Florida Statutes (Supp. 1976). There is no conflict with the statute because the substance of the review proceeding remains controlled by the statute, and the legislature directed that review be under the procedures set forth in these rules. Because it is a requirement of rendition that an order be written and filed, this rule supersedes *Shevin ex rel. State v. Public Service Comm'n*, 333 So. 2d 9 (Fla. 1976), and *School Bd. v. Malbon*, 341 So. 2d 523 (Fla. 2d DCA 1977), to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.

This rule is not intended to affect the discretionary nature of direct supreme court review of administrative action taken under the certiorari jurisdiction of that court set forth in article V, section 3(b)(3), Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See commentary, Fla. R. App. P. 9.020.

Subdivisions (e), (f), and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs, and serving notices of cross-appeal. Provision for cross-appeal notices has been made to replace the

cross-assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term "cross- appeal" should be read as equivalent to "cross-petition." It should be noted that if time is measured by service, rule 9.420(b) requires filing to be made before service or immediately thereafter.

Subdivision (h) permits a party to file a single notice of appeal if a single proceeding in the lower tribunal, whether criminal or civil, results in more than 1 final judgment and an appeal of more than 1 is sought. This rule is intended to further the policies underlying the decisions of the supreme court in *Scheel v. Advance Marketing Consultants, Inc.*, 277 So. 2d 773 (Fla. 1973), and *Hollimon v. State*, 232 So. 2d 394 (Fla. 1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. If a prematurely filed notice is held in abeyance in accordance with *Williams v. State*, 324 So. 2d 74 (Fla. 1975), the date of filing is intended to be the date the notice becomes effective.

Subdivision (i) provides an expedited procedure in appeals as of right to the supreme court in bond validation proceedings. An appendix is mandatory.

Subdivision (j) provides for an expedited procedure in appeals as of right to the supreme court from an order of a district court of appeal.

**1980 Amendment.** The rule has been amended to incorporate changes in rule 9.030 and to reflect the abolition of supreme court jurisdiction to review, if provided by general law, final orders of trial courts imposing sentences of life imprisonment.

The reference indicated (2) in the second paragraph of this committee note for 1977 amendment should be disregarded. See amended rule 9.030(a)(1)(B)(ii) and accompanying committee note.

**1984 Amendment.** Subdivision (k) was added to remedy a pitfall in the application of case law under *Mendez v. West Flagler Family Association*, 303 So. 2d 1 (Fla. 1974). Appeals may now be taken immediately or delayed until the end of the entire case, under the rationale of *Mendez*.

**1992 Amendment.** Subdivision (d) was amended to require that the appellant, except in criminal cases, attach to its notice of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed. This amendment is designed to assist the clerk in determining the nature and type of order being appealed and the timeliness of any such appeal.

Subdivision (m) was added to clarify the effect of a notice of appeal filed by a party before the lower court renders a final appealable order. Under this subdivision, such a notice of appeal is subject to dismissal as premature, but a final order rendered before the dismissal of the appeal will vest the appellate court with jurisdiction to review that final order. It further provides that the appellate court may relinquish jurisdiction or otherwise allow the lower court to render such a final order before dismissal of the appeal. If the only motion that is delaying rendition has been filed by the party filing the notice of appeal, under rule 9.020(g)(3), such motion is deemed abandoned and the final order is deemed rendered by the filing of a notice of appeal.

**1996 Amendment.** The addition of new subdivision (a)(2) is a restatement of former Florida Rule of Probate Procedure 5.100, and is not intended to change the definition of final order for appellate purposes. It recognizes that in probate and guardianship proceedings it is not unusual to have several final orders entered during the course of the proceeding that address many different issues and involve many different persons. An order of the circuit court that determines a right, an obligation, or the standing of an interested person as defined in the Florida Probate Code may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged.

Subdivision (c) was amended to reflect that in appeals of administrative orders, the appellate court filing fees should be filed in the appellate court, not the administrative tribunal.

Subdivision (n) was added by the committee in response to the opinion in *Canal Insurance Co. v. Reed*, 666 So. 2d 888 (Fla. 1996), suggesting that the Appellate Court Rules Committee consider an appropriate method for providing expedited review of these cases to avoid unnecessary delays in the final resolution of the underlying actions. Expedited review in the manner provided in rule 9.130 is available for such judgments in cases where a claim against the insured is pending and early resolution of the coverage issue is in the best interest of the parties. The notice of appeal should identify whether a party is seeking review pursuant to the procedure provided in this rule or in rule 9.130.

**2006 Amendment.** Rule 9.110(n) has been amended to clarify that the word "clerk" in the first sentence of the rule refers to the clerk of the lower tribunal. The amendment also permits the minor to ask for leave to file a brief or to request oral argument. The amendment clarifies that the district court does not grant the minor's petition, but rather may reverse the circuit court's dismissal of the petition.

**2010 Note.** As provided in Rule 9.040, requests to determine the confidentiality of appellate court records are governed by Florida Rule of Judicial Administration 2.420.

**2014 Amendments.** The amendment to subdivision (*l*) is intended to clarify that it is neither necessary nor appropriate to request a relinquishment of jurisdiction from the court to enable the lower tribunal to render a final order. Subdivision (n) has been moved to rule 9.147.

**2018 Amendment.** Subdivision (k) was amended to clarify that subdivision (h) does not expand the scope of review of partial final judgments to include rulings that are not directly related to and an aspect of the final order under review. *E.g.*, *Cygler v. Presjack*, 667 So. 2d 458, 461 (Fla. 4th DCA 1996).

**2020 Amendment.** The requirement to notify the court of a motion postponing rendition is not meant to encourage the filing of a notice of appeal before rendition.

## Court Commentary

[NO CHANGE]

## RULE 9.130.    PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS

**(a)    Applicability.**

(1)    This rule applies to appeals to the district courts of appeal of the nonfinal orders authorized herein and to appeals to the circuit court of nonfinal orders when provided by general law. Review of other nonfinal orders in such courts and nonfinal administrative action shall be by the method prescribed by rule 9.100.

(2)    Appeals of nonfinal orders in criminal cases shall be as prescribed by rule 9.140.

(3)    Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A)    concern venue;

(B)    grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;

(C)    determine:

(i)    the jurisdiction of the person;

(ii)    the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve, or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment;

(iii)    in family law matters:

a.    the right to immediate monetary relief;

b.    the rights or obligations of a party regarding child custody or time-sharing under a parenting plan; or

c.    that a marital agreement is invalid in its entirety;

(iv)    the entitlement of a party to arbitration, or to an appraisal under an insurance policy;

(v)    that, as a matter of law, a party is not entitled to workers' compensation immunity;

(vi)    whether to certify a class;

(vii)    that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes;

(viii)    the issue of forum non conveniens;

(ix)    that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes;

(x)    that a permanent guardianship shall be established for a dependent child pursuant to section 39.6221, Florida Statutes.

(D) grant or deny the appointment of a receiver, or terminate or refuse to terminate a receivership; or

(E) grant or deny a motion to disqualify counsel.

(F) deny a motion that:

(i) asserts entitlement to absolute or qualified immunity in a civil rights claim arising under federal law;

(ii) asserts entitlement to immunity under section 768.28(9), Florida Statutes; or

(iii) asserts entitlement to sovereign immunity.

(4) Orders disposing of motions for rehearing or motions that suspend rendition are not reviewable separately from a review of the final order; provided that orders granting motions for new trial in jury and nonjury cases are reviewable by the method prescribed in rule 9.110.

(5) Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. Motions for rehearing directed to these orders are not authorized under these rules and therefore will not toll the time for filing a notice of appeal.

**(b)-(i)** [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.140.  APPEAL PROCEEDINGS IN CRIMINAL CASES**

**(a)-(e)** [NO CHANGE]

**(f)  Record.**

**(1)** [NO CHANGE]

**(2)  Transcripts.**

(A)     If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) shall serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the approved court reporter or approved transcriptionist requiring preparation of only so much of the proceedings as fairly supports the issue raised.

(B)     Either party may file motions in the lower tribunal to reduce or expand the transcripts.

(C)     Except as permitted in subdivision (f)(2)(D) of this rule, the parties shall serve the designation on the approved court reporter or approved transcriptionist to file with the clerk of the lower tribunal the transcripts for the court and sufficient paper copies for all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration 2.516.

(D)     Nonindigent defendants represented by counsel may serve the designation on the approved court reporter or approved transcriptionist to prepare the transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the transcripts from the approved court reporter or approved transcriptionist, file the transcripts. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each transcript certifying that it is accurate and complete. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the transcript(s) for use as needed by the state in any collateral proceedings and shall not dispose of the transcripts without the consent of the attorney general.

(E)     In state appeals, the state shall serve a designation on the approved court reporter or approved transcriptionist to prepare and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration 2.516. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.

(F)     The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the approved court reporter or approved transcriptionist to prepare the necessary transcripts.

**(3)-(5)**     [NO CHANGE]

- 22 -

**(6)**  **Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).** [NO CHANGE]

**(g)-(i)**       [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

**RULE 9.145.**       **APPEAL PROCEEDINGS IN JUVENILE DELINQUENCY CASES**

**(a)-(c)**       [NO CHANGE]

**(d)**  **References to Child.** The appeal shall be entitled and docketed with the initials, but not the name, of the child and the court case number. All references to the child in briefs, other documents, and the decision of the court shall be by initials. This subdivision does not apply to transcripts.

**(e)**       [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.146.**       **APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

**(a)-(c)**       [NO CHANGE]

**(d)**  **Retention of Jurisdiction.** Transmittalssion of the record to the court does not remove the jurisdiction of the lower tribunalcircuit court to conduct

- 23 -

judicial reviews or other proceedings related to the health and welfare of the child pending appeal.

**(e)      References to Child or Parents.** When the parent or child is a party to the appeal, the appeal shall be docketed and, with the exception of transcripts, any documents filed in the court shall be titled with the initials, but not the name, of the child or parent and the court case number. All references to the child or parent in briefs, ~~other~~ documents other than transcripts, and the decision of the court shall be by initials.

**(f)      Confidentiality.** All documents that are filed in paper format under seal shall remain sealed in the office of the clerk of the court when not in use by the court, and shall not be open to inspection except by the parties and their counsel, or as otherwise ordered, pursuant to Florida Rule of Judicial Administration 2.420.

**(g)      Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

**(1)      [NO CHANGE]**

**(2)      The Record.**

**(A)      Contents.** The record shall be prepared in accordance with rule 9.200, except as modified by this subdivision.

**(B)      Transcripts of Proceedings.** The appellant shall file a designation to the court reporter, including the name(s) of the individual court reporter(s), if applicable, with the notice of appeal. The designation shall be served on the court reporter on the date of filing and shall state that the appeal is from a final order of termination of parental rights or of dependency, and that the court reporter shall provide the transcript(s) designated within 20 days of the date of service.  Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by e-mail as set forth in ~~the~~ Florida Rule~~s~~ of Judicial Administration 2.516. If extraordinary reasons prevent the reporter from preparing the transcript(s) within the 20 days, the reporter shall request an extension of time, shall state the number of additional days requested, and shall state the extraordinary reasons that would justify the extension.

**(C)    Directions to the Clerk, Duties of the Clerk, Preparation and Transmission of the Record.** The appellant shall file directions to the clerk with the notice of appeal. The clerk shall electronically transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of the notice of appeal. When the record is electronically transmitted to the court, the clerk shall simultaneously electronically transmit the record to the Department of Children and Families, the guardian ad litem, counsel appointed to represent any indigent parties, and shall simultaneously serve copies of the index to all nonindigent parties, and, upon their request, copies of the record or portions thereof. The clerk shall provide the record in paper format to all parties exempt from electronic service as set forth in the Florida Rules of Judicial Administration.

**(3)-(7)**    [NO CHANGE]

**(h)-(i)**    [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.170.    APPEAL PROCEEDINGS IN PROBATE AND GUARDIANSHIP CASES**

**(a)**    [NO CHANGE]

**(b)    Appealable Orders.** Except for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases shall be limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code. Orders that finally determine a right or obligation include, but are not limited to, orders that:

(1)    determine a petition or motion to revoke letters of administration or letters of guardianship;

(2)    determine a petition or motion to revoke probate of a will;

(3)    determine a petition for probate of a lost or destroyed will;

(4)     grant or deny a petition for administration pursuant to section 733.2123, Florida Statutes;

(5)     grant heirship, succession, entitlement, or determine the persons to whom distribution should be made;

(6)     remove or refuse to remove a fiduciary;

(7)     refuse to appoint a personal representative or guardian;

(8)     determine a petition or motion to determine incapacity or to remove rights of an alleged incapacitated person or ward;

(9)     determine a motion or petition to restore capacity or rights of a ward;

(10)    determine a petition to approve the settlement of minors' claims;

(11)    determine apportionment or contribution of estate taxes;

(12)    determine an estate's interest in any property;

(13)    determine exempt property, family allowance, or the homestead status of real property;

(14)    authorize or confirm a sale of real or personal property by a personal representative;

(15)    make distributions to any beneficiary;

(16)    determine amount and order contribution in satisfaction of elective share;

(17)    determine a motion or petition for enlargement of time to file a claim against an estate;

(18)    determine a motion or petition to strike an objection to a claim against an estate;

(19)    determine a motion or petition to extend the time to file an objection to a claim against an estate;

(20)   determine a motion or petition to enlarge the time to file an independent action on a claim filed against an estate;

(21)   settle an account of a personal representative, guardian, or other fiduciary;

(22)   discharge a fiduciary or the fiduciary's surety;

(23)   ~~award attorneys' fees or costs~~grant an award of attorneys' fees or costs;

(24)   deny entitlement to attorneys' fees or costs; or

(24~~5~~)   approve a settlement agreement on any of the matters listed above in (b)(1)–(b)(2~~3~~4) or authorizing a compromise pursuant to section 733.708, Florida Statutes.

**(c)-(e)**      [NO CHANGE]

**RULE 9.180.      APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES**

**(a)-(e)**      [NO CHANGE]

**(f)      Record Contents; Final Orders.**

**(1)-(6)**      [NO CHANGE]

**(7)      Preparation; Certification; Transmission of the Record.** The deputy chief judge of compensation claims shall designate the person to prepare the record. The clerk of the office of the judges of compensation claims shall supervise the preparation of the record. The record shall be transmitted to the lower tribunal in sufficient time for the lower tribunal to review the record and transmit it to the court. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court. The lower tribunal shall provide ~~an electronic image copy~~Portable Document Format ("PDF") file of the record to all counsel of record and all unrepresented parties.

- 27 -

**(8)-(9)**        [NO CHANGE]

**(g)    Relief From Filing Fee and Cost; Indigency.**

**(1)    Indigency Defined.** Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02, Florida Statutes.

**(2)    Filing Fee.**

**(A)-(B)**        [NO CHANGE]

**(C)    Verified Petition; Contents.** The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indigency and the appellant's inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:

(i)    If the appellant is unrepresented by counsel, a financial affidavit; or

(ii)    If the appellant is represented by counsel, counsel shall certify that counsel has investigated:

(a). the appellant's financial condition and finds the appellant indigent; and

(b). the nature of appellant's position and believes it to be meritorious as a matter of law.

Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.

**(D)-(E)**        [NO CHANGE]

**(3)    Costs of Preparation of Record.**

**(A)-(F)**        [NO CHANGE]

**(G)    Extension of Appeal Deadlines.** If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the

60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal, or file a motion requesting a determination of indigency, within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal. If the petition to be relieved of the cost of the record is withdrawn before ruling, then the petitioner shall deposit the estimated costs with the lower tribunal at the time the petition is withdrawn and the 60-day period for preparation of the record shall begin to run from the date the petition is withdrawn.

**(H)-(I)**      [NO CHANGE]

**(h)**      [NO CHANGE]

**(i)**      **Attorneys' Fees and Appellate Costs.**

     **(1)-(2)**      [NO CHANGE]

     **(3)**      **Entitlement and Amount of Fees and Costs.** If the court determines that an appellate fee is due, the lower tribunal shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorneys' fee and costs due at any time after the mandate, if applicable, or the final order or opinion disposing of the case is issued, whichever is later.

     **(4)**      [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.200.**      **THE RECORD**

**(a)-(c)**      [NO CHANGE]

**(d)**      **Preparation and Transmission of Electronic Record.**

     (1)      The clerk of the lower tribunal shall prepare the record as follows:

(A)     The clerk of the lower tribunal shall assemble the record on appeal and prepare a cover page and a complete index to the record. The cover page shall include the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48-point bold font. Consistent with Florida Rule of Judicial Administration 2.420(g)(8), the index shall indicate any confidential information in the record and if the information was determined to be confidential in an order, identify such order by date or docket number and record page number. The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be kept separate from the remainder of the record on appeal and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.

(B)     All pages ~~of the remainder~~ of the record shall be consecutively numbered. Any transcripts other than the transcript of the trial shall continue the pagination of the record pages. Supplements permitted after the clerk of the lower tribunal has transmitted the record to the court shall be submitted by the clerk as separate Portable Document Format ("PDF") files in which pagination is consecutive from the original record and continues through each supplement.

(C)     The entire record, except for the transcript of the trial, shall be compiled into a single PDF file. The PDF file shall be:

(i)     text searchable;

(ii)     paginated so that the page numbers displayed by the PDF reader exactly match the pagination of the index; and

(iii)     bookmarked, consistently with the index, such that each bookmark states the date, name, and record page of the filing and the bookmarks are viewable in a separate window.

(2)     The transcript of the trial shall be converted into a second PDF file. The PDF file shall be:

(A)     text searchable; and

(B)     paginated to exactly match the pagination of the master trial index of the transcript of the trial filed under subdivision (b)(2~~4~~).

(3)-(5)     [NO CHANGE]

**(e)-(f)**     [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.300.     MOTIONS**

**(a)-(c)**     [NO CHANGE]

**(d)     Motions Not Tolling Time.**

(1)     Motions for post-trial release, rule 9.140(g).

(2)     Motions for stay pending appeal, rule 9.310.

(3)     Motions relating to oral argument, rule 9.320.

(4)     Motions relating to joinder and substitution of parties, rule 9.360.

(5)     Motions relating to amicus curiae, rule 9.370.

(6)     Motions relating to attorneys' fees on appeal, rule 9.400.

(7)     Motions relating to service, rule 9.420.

(8)     Motions relating to admission or withdrawal of attorneys, rule 9.440.

(9)     Motions relating to sanctions, rule 9.410.

(10)    Motions relating to expediting the appeal.

(11)    Motions relating to appeal proceedings to review a final order dismissing a petition for judicial waiver of parental notice of termination of pregnancy, rule 9.147.

(12)    Motions for mediation filed more than 30 days after the notice of appeal, rule 9.700(d).

(13)    All motions filed in the supreme court, unless accompanied by a separate request to toll time.

## Committee Notes

[NO CHANGE]

## RULE 9.310.    STAY PENDING REVIEW

(a)    **Application in Lower Tribunal**. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or nonfinal order pending review first shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.

(b)-(e)    [NO CHANGE]

(f)    **Review.** Review of orders entered by lower tribunals under this rule shall be by the court on motion. The motion shall be filed as a separate document.

## Committee Notes

[NO CHANGE]

## RULE 9.320.    ORAL ARGUMENT

(a)    **Requests.** Oral argument may be permitted in any proceeding. A request for oral argument shall be in a separate document served by a party:

(a1)    in appeals, not later than 15 days after the last brief is due to be served;

(b2)    in proceedings commenced by the filing of a petition, not later than 15 days after the reply is due to be served; and

(c3)    in proceedings governed by rule 9.146, in accordance with rule 9.146(g)(5).; and

(4)    in proceedings governed by rule 9.120, not later than the date the party's brief on jurisdiction is due to be served, except that in proceedings in which jurisdiction is invoked under rule 9.030(a)(2)(A)(v), not later than 5 days after the filing of the notice to invoke discretionary review.

**(b)    Duration.** ~~E~~Unless otherwise ordered by the court, each side will be allowed 20 minutes for oral argument~~, except in capital cases in which each side will be allowed 30 minutes~~.

**(c)    Motion.** On its own motion or that of a party, the court may require, limit, expand, or dispense with oral argument.

**(d)    Requests to the Supreme Court of Florida.** A request for oral argument to the supreme court shall include a brief statement regarding why oral argument would enhance the supreme court's consideration of the issues to be raised. A party may file a response to the request within 5 days of the filing of the request. No reply shall be permitted.

**Committee Notes**

[NO CHANGE]

**RULE 9.330.    REHEARING; CLARIFICATION; CERTIFICATION; WRITTEN OPINION**

**(a)-(b)**    [NO CHANGE]

**(c)    Exception; Bond Validation Proceedings.** A motion for rehearing or for clarification of an order or decision in proceedings for the validation of bonds or certificates of indebtedness as provided by rule 9.030(a)(1)(B)(i~~i~~) may be filed within 10 days of an order or decision or within such other time set by the court. A ~~reply~~response may be served within 10 days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive immediate consideration by the court and, if denied, the mandate shall issue forthwith.

**(d)    Exception; Review of District Court of Appeal Decisions.** No motion for rehearing or clarification may be filed in the supreme court addressing:

(1)     the dismissal of an appeal that attempts to invoke the court's mandatory jurisdiction under rule 9.030(a)(1)(A)(ii) when the appeal seeks to review a decision of a district court of appeal without opinion; or

(2)     the grant or denial of a request for the court to exercise its discretion to review a decision described in rule 9.030(a)(2)(A); or

(3)     the dismissal of a petition for an extraordinary writ described in rule 9.030(a)(3) when such writ is used to seek review of a district court of appeal decision without opinion.

**(e)**     [NO CHANGE]

### Committee Notes

[NO CHANGE]

## RULE 9.350.     DISMISSAL OF CAUSES

**(a)**     [NO CHANGE]

**(b)     Voluntary Dismissal.** A proceeding of an appellant or a petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal; provided that dismissal shall not be effective until 15 days after service of the notice of appeal or until 10 days after the time prescribed by rule 9.110(b), whichever is later. In a proceeding commenced under rule 9.120, dismissal shall not be effective until 10 days after the serving of the notice to invoke discretionary jurisdiction or until 10 days after the time prescribed by rule 9.120(b), whichever is later.

**(c)     Order of Dismissal.** When a party files a stipulation for dismissal or notice of dismissal under subdivision (a) or (b) of this rule, the cause may be dismissed only by court order. The court shall not enter an order of dismissal of an appeal until 15 days after service of the notice of appeal or until 15 days after the time prescribed by rule 9.110(b), whichever is later. In a proceeding commenced under rule 9.120, the court shall not enter an order of dismissal until 15 days after the serving of the notice to invoke discretionary jurisdiction or until 15 days after the time prescribed by rule 9.120(b), whichever is later.

- 34 -

**(e̶d)**    **Clerk's Duty.** When a proceeding is dismissed under this rule, the clerk of the court shall notify the clerk of the lower tribunal.

**(d̶e)**    **Automatic Stay.** The filing of a stipulation for dismissal or notice of dismissal automatically stays that portion of the proceedings for which a dismissal is being sought, pending further order of the court.

**Committee Notes**

[NO CHANGE]

**RULE 9.360.    PARTIES**

**(a)**        [NO CHANGE]

**(b)    Attorneys; Representatives; Guardians Ad Litem.** Attorneys, representatives, and guardians ad litem in the lower tribunal shall retain their status in the court unless others are duly appointed or substituted; however, for limited representation proceedings under rule 9.440 or Florida Family Law Rule of Procedure 12.040, representation terminates upon the filing of a notice of completion titled "Termination of Limited Appearance" pursuant to rule 9.440 or rule 12.040(c).

**(c)**        [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.425.    CONSTITUTIONAL CHALLENGE TO STATE STATUTE OR STATE CONSTITUTIONAL PROVISION**

In cases not involving criminal or collateral criminal proceedings, a party that files a petition, brief, written motion, or other document drawing into question the constitutionality of a state statute or state constitutional provision, at the time the document is filed in the case, shall:

(a)    file a notice of constitutional question stating the question and identifying the document that raises it; and

- 35 -

(b)     serve the notice and a copy of the petition, brief, written motion, or other document, in compliance with rule 9.420, on the attorney general.

Service of the petition, brief, written motion, or other document does not require joinder of the attorney general as a party to the action. Notice under this rule is not required if the attorney general is a party, or counsel to a party, to a proceeding under these rules.

**Committee Notes**

**2020 Adoption.** The rule applies in cases not involving criminal or collateral criminal proceedings and provides procedural guidance on notifying the Florida Attorney General of constitutional challenges to state statutes or provisions of the state constitution as the Florida Attorney General has the discretion to participate and be heard on matters affecting the constitutionality of a state law. This rule is similar to Florida Rule of Civil Procedure 1.071. See form 9.900(m).

**RULE 9.430.     PROCEEDINGS BY INDIGENTS**

**(a)**         [NO CHANGE]

**(b)     Appeals and Discretionary Reviews in the Supreme Court.** The supreme court may, in its discretion, presume that any party who has been declared indigent for purposes of proceedings by the lower tribunal remains indigent, in the absence of evidence to the contrary. Any party not previously declared indigent who seeks review by appeal or discretionary review without the payment of costs may, unless the supreme court directs otherwise, file with the supreme court a motion to proceed in forma pauperis. If the motion is granted, the party may proceed without further application to the supreme court.

**(b̶c)   Original Proceedings.** A party who seeks review by an original proceeding under rule 9.100 without the payment of costs shall, unless the court directs otherwise, file with the court a motion to proceed in forma pauperis. If the motion is granted, the party may proceed without further application to the court.

**(e̶d)   Incarcerated Parties.**

**(1)     Presumptions.** In the absence of evidence to the contrary, a court may, in its discretion, presume that:

- 36 -

(A)     assertions in an application for determination of indigent status filed by an incarcerated party under this rule are true; and

(B)     in cases involving criminal or collateral criminal proceedings, an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent.

**(2)     Non-Criminal Proceedings.** Except in cases involving criminal or collateral proceedings, an application for determination of indigent status filed under this rule by a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing shall contain substantially the same information as required by an application form approved by the supreme court for use by circuit court clerks. The determination of whether the case involves an appeal from an original criminal or collateral proceeding depends on the substance of the issues raised and not on the form or title of the petition or complaint. In these non-criminal cases, the clerk of the lower tribunal shall, to the extent required by general law, require the party to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.

**(de)     Parties in Juvenile Dependency and Termination of Parental Rights Cases; Presumption.** In cases involving dependency or termination of parental rights, a court may, in its discretion, presume that any party who has been declared indigent for purposes of proceedings by the lower tribunal remains indigent, in the absence of evidence to the contrary.

## Committee Notes

[NO CHANGE]

## RULE 9.440.     ATTORNEYS

**(a)**     [NO CHANGE]

**(b)     Limiting Appearance.** An attorney of record for a party in an appeal or original proceeding governed by these rules shall be the attorney of record throughout the same appeal or original proceeding unless at the time of appearance the attorney files a notice specifically limiting the attorney's appearance only to a particular matter or portion of the proceeding in which the attorney appears.

**(c)    Scope of Representation.** If an attorney appears for a particular limited matter or portion of a proceeding, as provided by this rule, that attorney shall be deemed "of record" for only that particular matter or portion of the proceeding. The notice of limited appearance shall be substantially in the form prescribed by rule 9.900(n). If the party designates e-mail address(es) for service on and by that party, the party's e-mail address(es) shall also be included. At the conclusion of such matter or that portion of the proceeding, the attorney's role terminates without the necessity of leave of court upon the attorney filing a notice of completion of limited appearance. The notice, which shall be titled "Termination of Limited Appearance," shall include the names and last known addresses of the person(s) represented by the withdrawing attorney.

**(b̶d)    Withdrawal of Attorneys.** Unless an attorney complies with subdivisions (b) and (c) of this rule, A̶an attorney shall not be permitted to withdraw unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client's address. A copy of the motion shall be served on the client and adverse parties.

**Committee Notes**

[NO CHANGE]

**RULE 9.800.    UNIFORM CITATION SYSTEM**

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

**(a)-(f)**    [NO CHANGE]

**(g)    Florida Statutes Annotated.** When citing material other than a section of *Florida Statutes*, provide page numbers.

(1)    7 Fla. Stat. Ann. § 95.11 (2017).

(2)    30 Fla. Stat. Ann. 69-70 (2004).

**(h)** **Florida Administrative Code.** When citing an administrative rule that has been repealed, superseded, or amended, provide the year of adoption of the provision or the version thereof being cited.

(1)    Fla. Admin. Code R. 62D-2.014.

(2)    Fla. Admin. Code R. 62D-2.014 (2003).

**(i)-(q)**        [NO CHANGE]

## Committee Notes

[NO CHANGE]

**RULE 9.900.        FORMS**

**(a)    Notice of Appeal.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____, )
Defendant/Appellant,       )
                                         )        NOTICE OF APPEAL
v.                                       )
                                         )
_____,)
Plaintiff/Appellee.         )
_____ )

NOTICE IS GIVEN that _____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), and 9.160(c).] The nature of the order is a final order .....(state nature of the order)...... [If a motion postponing rendition is pending in the lower tribunal, state the nature of the motion and the date it was filed.]

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....

Florida Bar No. ....................

**(b)-(e)**    [NO CHANGE]

**(f)    Notice of Appeal of an Order Dismissing a Petition for a Judicial Waiver of Parental Consent to or Notice of and Consent to Termination of Pregnancy and Advisory Notice to Minor.**

IN THE CIRCUIT COURT FOR THE _____ JUDICIAL CIRCUIT (NUMERICAL DESIGNATION OF THE CIRCUIT) IN AND FOR _____ COUNTY, FLORIDA

Case No. _____

In re: Petition for a Judicial          )
Waiver of Parental Consent to or    )
Notice of and Consent to               )
Termination of Pregnancy.            )
                                                    )
                                                    )          NOTICE OF APPEAL
                                                    )
_____    )
(Your pseudonym or initials           )
                                                    )
Appellant.                                      )
_____    )

NOTICE IS GIVEN that .....(your pseudonym or initials)....., appeals to the .....(District Court of Appeal with appellate jurisdiction)....., the order of this court rendered .....(enter the date that the order was filed on the clerk's docket)..... [See rule 9.020(h)]. The nature of the order is a final order dismissing a petition for a judicial waiver of parental consent to or notice of and consent to termination of pregnancy.

Signature: _____
(As signed on your petition for judicial waiver if you are representing yourself)
Date: _____
OR
Attorney for _____
(pseudonym or initials of appellant)
(address, e-mail address, and phone number of attorney)
Florida Bar No. _____

- 40 -

ADVISORY NOTICE TO THE MINOR

YOU ARE NOTIFIED AS FOLLOWS:

1.        You are entitled to appeal the order dismissing your petition for a judicial waiver of parental consent to or notice of and consent to termination of pregnancy. You do not have to pay a filing fee for the appeal.

2.        If you wish to appeal, you must file a notice of appeal with the circuit court in which your case was heard. A form for the notice of appeal (Fla. R. App. P. 9.900(f)) will be provided to you with the order dismissing your petition. You must fill in every blank on the form with the information requested. If you need assistance with the form, the clerk of the circuit court will help you complete it.

3.        You must file the notice of appeal with the clerk of the circuit court where your case was heard. The notice of appeal must be filed within thirty (30) days of the date when the judge's written order dismissing your petition was filed with the clerk of the circuit court. If you do not file your notice of appeal within this time period your appeal will not be heard.

4.        The notice of appeal is the only document you need to file in connection with your appeal. You may file a motion to seek permission to file a brief in your case, or to request oral argument of your case. These motions or any other motions or documents you file concerning your appeal, except the notice of appeal, must be mailed or delivered to the appellate court for filing, or electronically filed with the appellate court. The appellate court that will be reviewing your case is:

The _____ District Court of Appeal

_____

_____
(address of the District Court)

Telephone number: _____

        (Note: The clerk of the circuit court will fill in the blanks above with the appropriate court information).

5.        You may request a lawyer to represent you in your appeal. You must tell the judge who heard your petition for a judicial waiver of parental consent to or notification of and consent to termination of pregnancy that you wish to have a lawyer appointed.

**(g)-(*l*)**        [NO CHANGE]

**(m)    Notice of Constitutional Question.**

IN THE DISTRICT COURT OF
APPEAL OF FLORIDA,

- 41 -

_____ DISTRICT

Case No. _____

_____, )
Appellant/Petitioner, )
_____ )
v. _____ )     NOTICE TO ATTORNEY GENERAL
_____ )
_____, )
Appellee/Respondent. )
_____ )
_____ )

     NOTICE IS GIVEN of compliance with Florida Rule of Appellate Procedure 9.425, with respect to the constitutional challenge brought pursuant to .....(Florida statute or Florida Constitutional provision)......

     The undersigned complied by serving the Attorney General for the State of Florida with a copy of the pleading or motion challenging .....(Florida statute or Florida Constitutional provision)....., by .....(e-mail) (mail) (delivery)..... on .....(date)......

                    _____
                    Attorney for .....(name of party).....
                    .....(address, e-mail address, and phone number).....
                    Florida Bar No. ....................

## (n)    Notice of Termination of Limited Appearance.

                    .....(Title of Court).....

                    Case No. _____

_____, )
Appellant/Petitioner, )
_____ )
v. _____ )     NOTICE OF TERMINATION OF
_____ )     LIMITED APPEARANCE
_____, )
Appellee/Respondent. )
_____ )
_____ )

     NOTICE IS GIVEN that .....(attorney's name)..... has completed the particular matter or portion of the proceeding in which the attorney appeared and now wishes to terminate his/her limited appearance. The client's address is: ......(client's address)...... The counsel's contact information is: .....(name, address, e-mail address, and telephone number)......

I certify that I will serve this motion on the client, counsel, and all adverse parties.

_____
Attorney for …..(name of party)…..
…..(address, e-mail address, and phone number)…..
Florida Bar No. ………..

## Committee Notes

**1980 Amendment.** Forms 9.900(a) and (b) under the 1977 rules are modified, and additional forms are provided.

**1992 Amendment.** Forms 9.900(a), (c), and (e) were revised to remind the practitioner that conformed copies of the order or orders designated in the notice of appeal should be attached to the notice of appeal as provided in rules 9.110(d), 9.130(c), and 9.160(c).

**2020 Adoption.** See rule 9.425. The form in subdivision (m) is to be used when the Attorney General is not a named party to the proceeding under these rules. See rule 9.420 for service requirements.